**Lehn v. Lehn**

*Jeffrey F. Arnold,* for plaintiffs.
*John D. Enck,* for defendant.

WALTER, *P.J.,* September 14, 1992—The matter before the court is one of first impression in this county. It involves the authority of a Court of Common Pleas to extend a protection from abuse order beyond one year. The case is before the court on defendant's motion to dismiss plaintiffs' petition to extend P.F.A. order. The matter was listed for argument, submitted on briefs, and is now ripe for disposition.

The pertinent procedural and factual history is this. Plaintiff Flora E. Lehn is the mother of defendant Leroy H. Lehn. Plaintiff Marie Lehn, an incompetent adult, is the daughter of plaintiff Flora E. Lehn and the sister of defendant. Plaintiffs reside at R.D. no. 2, Box 350, Myerstown, Lebanon County, Pennsylvania. Defendant is presently a resident of American House, 25 S. 9th Street, Lebanon, Lebanon County, Pennsylvania. Defendant suffers from mental retardation and is presently a client of the Lebanon County Mental Health/Mental Retardation Service Center.

Plaintiffs petitioned for, and were granted, a temporary protection from abuse order on April 24, 1991. The temporary order evicted defendant from the premises at R.D.

no. 2, Box 350, Myerstown, Pennsylvania, required him to refrain from abusing, harassing or threatening plaintiffs, and prohibited defendant from having any contact with plaintiffs.

An order by agreement of the parties issued June 6, 1992. The order evicted defendant from the premises and excluded him from presenting himself at the premises for the duration of the order. The order did permit contact between defendant and plaintiff Flora E. Lehn only upon terms and conditions set by her. By its terms the order was to be effective for one year, computed from April 24, 1991.

Plaintiffs filed a petition to extend P.F.A. order on April 24, 1992. The petition alleged that plaintiff Flora E. Lehn feared for the safety of plaintiff Marie Lehn if the order was not continued. The petition requested the court to extend the order for an additional term of one year.

Defendant filed a motion to dismiss plaintiffs' petition on May 26, 1992. Defendant's motion to dismiss averred that plaintiff's petition failed to state any acts of abuse by defendant since the issuance of the order. Defendant contends that absent allegations of further abuse, extension of protective orders beyond one year is statutorily prohibited.

A rule to show cause why defendant's motion to dismiss should not be granted followed on May 27, 1992. Plaintiffs' answer to the rule admitted that there had been no acts of abuse by defendant since the order issued.

We begin our analysis with a review of the controlling statute, 23 Pa.C.S. §6108(b).

"A protection order or approved consent agreement shall be for a fixed period of time not to exceed one year. The court may amend its order or agreement at any time upon subsequent petition filed by either party."

The two sentences of section 6108(b), when read together, can lead to conflicting applications in situations similar to the one now before the court. The first sentence clearly limits the duration of a protective order to one year. The second sentence grants a court authority to amend protective orders. A conflict arises where a court attempts to amend a protective order in such a manner as to extend its effectiveness beyond one year.

Plaintiffs' argue that the second sentence of section 6108(b) is controlling in such situations because it grants a court the authority to amend a protective order upon a subsequent petition filed by any party. Implicit in plaintiffs' position is the argument that a court's power to amend includes the power to extend the protective order for a period beyond one year.

Defendant argues that the first sentence of section 6108(b) is controlling. Defendant premises his position on application of the Statutory Construction Act of 1972,[1] and reference to a decision by the Common Pleas Court of Lancaster County. The court finds defendant's arguments persuasive.

Section 1933 of the Statutory Construction Act is of particular relevance in interpreting section 6108(b). It provides:

"Whenever a general provision is in conflict with a special provision in the same or another statute, the two

---

1. 1 Pa.C.S. §1501 et. seq.

shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later...."

The first sentence of section 6108(b) is certainly the more specific of the two sentences contained in section 6108(b). The first sentence contains a specific limitation on the duration of protective orders. The second sentence is the more general, providing a court with the authority to amend a protective order upon the petition of a party; it contains no specific limitations on a court's authority to amend.

In situations similar to the case now before the court, the two sentences of section 6108(b) cannot be construed so as to give effect to both. Since the two sentences of section 6108(b) are irreconcilable in such situations, the principles of statutory construction enunciated in section 1933, *supra,* lead the court to conclude that the specific provisions of the first sentence of section 6108(b) should prevail over the general provisions of the second sentence.

This interpretation of section 6108(b) is reinforced by a decision of the Common Pleas Court of Lancaster County. In *Keith v. Keith,* 28 D.&C.3d 462 (1984), the court was asked to determine whether a protection from abuse order may extend beyond one year if no other acts of abuse have occurred. In *Keith,* despite the seriousness of past acts of abuse,[2] the Lancaster County

2. In *Keith,* the original protection from abuse order alleged that the father had sexually abused his two minor daughters on nu-

Court denied extension of the protective order because there was no indication of continuing abuse. The court based its decision on both the language of the then existing statute[3] and on a footnote to a 1979 Superior Court decision.[4]

Although a decision by a Lancaster County court is not binding on this court, the court does find its decision enlightening. Despite the serious nature of the past abuse and the court's own apparent reservation concerning the propriety of the decision,[5] the Lancaster County court felt compelled to deny an extension of the protective

---

merous occasions. Subsequent to the issuance of the original order, the father pled guilty to charges of indecent assault, involuntary deviate sexual intercourse, and corruption of minors. When the original order expired, the mother sought to have the order extended for another year on grounds the daughters continued to fear contact with their father. There were no allegations of subsequent abuse by the father.

3. The controlling statute in effect at the time *Keith* was decided was 35 P.S. §10186(b), which provided:

"Any protection order or approved consent agreement shall be for a fixed period of time not to exceed one year. The court may amend its order or agreement at any time upon subsequent petition filed by either party."

Title 35 P.S. §10186(b) is substantially the same as 23 Pa.C.S. §6108(b), the statute under which the case at issue will be decided.

4. Footnote 1 in *Cippola v. Cippola,* 264 Pa. Super. 53, 55, 398 A.2d 1053, 1054 (1979), contained an enumeration of the various features of the existing Protection from Abuse Act. The footnote contained the statement "any such order entered shall have no effect beyond one year."

5. "Although constrained by the applicable statute from ordering an extension, the court feels strongly that the testimony at the November 28, 1983, hearing established that it would be extremely detrimental and perhaps dangerous to the two girls to be forced to be near their father now." *Keith* at 465.

order in absence of any allegation or indication of continuing abuse.

The court hereby holds in situations where the application of the two sentences of section 6108(b) would result in conflicting outcomes, the first sentence of section 6108(b) prevails. This holding applies only to situations in which a party, seeking to renew a protection from abuse order for an additional period extending beyond one year from the date of issuance, fails to allege continuing abuse in violation of an existing order.

Instantly, plaintiffs sought to extend an expiring protection from abuse order for an additional year. Plaintiffs did not allege any instances of continuing abuse in violation of the existing order. Absent such allegations, the court is constrained by statute from issuing an extension. Defendant's motion to dismiss plaintiffs' petition to extend will be granted.

## ORDER OF COURT

And now, September 14, 1992, for the reasons set forth in the accompanying opinion, defendant's motion to dismiss plaintiff's petition to extend protection from abuse order is hereby granted.